UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 21-CV-5551 (LDH) (RER)

———————————

JOE HAND PROMOTIONS, INC.

VERSUS

NECESSARY STUDIOS, INC. D/B/A NECESSARY STUDIOS AND LAVARRO JONES

———————————

**REPORT & RECOMMENDATION**

December 5, 2022

———————————

TO THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

Joe Hand Promotions, Inc. ("Joe Hand" or "Plaintiff") brought this action against Necessary Studios, Inc. d/b/a Necessary Studios ("Necessary Studios") and LaVarro Jones ("Jones") (collectively, "Defendants") for pirating Plaintiff's satellite and cable transmission in violation of the Federal Communications Act of 1934, 47 U.S.C. §§ 553, 605 (ECF No. 1 ("Compl.")). Following Defendants' failure to answer or appear, the Clerk of the Court entered notations of default. (ECF Nos. 6–7). Plaintiff subsequently moved for default judgment on June 21, 2022. (ECF No. 8). Your Honor referred the Motion to me for a Report and Recommendation the following day. (Order dated 06/22/2022).

After carefully reviewing the record, for the reasons set forth herein, I respectfully recommend that Plaintiffs' Motion for Default Judgment be denied, and that the action be dismissed for failure to timely serve Defendants under Federal Rule of Civil Procedure 4(m).

1

## BACKGROUND

Joe Hand is a company that licenses and distributes broadcast sporting events, including certain Ultimate Fighting Championship mixed martial arts bouts, to commercial establishments such as bars, restaurants, and lounges. (Compl. ¶¶ 1, 7). As relevant here, Joe Hand "held the exclusive commercial licensing rights to the broadcast of *Ultimate Fighting Championship® 229: Khabib Nurmagomedov vs. Conor McGregor*, including all undercard bouts and commentary, telecast nationwide on October 6, 2018 (the 'Program')." (Compl. ¶ 1). In exercising those exclusive rights, Joe Hand entered into agreements to allow various commercial establishments in New York to exhibit the Program to patrons in exchange for a fee. (Compl. ¶ 9). Joe Hand alleges that it spent "substantial monies to market, advertise, promote, administer and transmit the Program," which was originally broadcast "via satellite uplink" and was "re-transmitted interstate to cable systems and satellite television companies via satellite signal." (Compl. ¶¶ 8–9).

Defendant Jones is the owner and principal of Necessary Studios, a business that owns and operates an establishment of the same name at 25-19 Borden Avenue, #204, Long Island City, NY 11101. (Compl. ¶¶ 2–3). According to Joe Hand, neither Jones nor Necessary Studios contracted with or paid a fee to Joe Hand in order to receive or exhibit the Program; however, on the night of the bout, Defendants obtained unauthorized access to the Program via satellite or cable transmission and exhibited the Program to patrons at Necessary Studios. (Compl. ¶¶ 10–12).

Three years after the fight, on October 6, 2021, Joe Hand brought this action against Defendants alleging claims of satellite piracy under 47 U.S.C. § 605, or in the alternative, cable piracy under 47 U.S.C. § 553. (Compl. ¶¶ 16–17). Plaintiff served the Summons and Complaint on both Defendants 114 days later on January 28, 2022. (ECF Nos. 5, 5-1). After the Defendants failed to appear or otherwise respond, Plaintiff requested that the Clerk of the Court enter default on March 3, 2022 (ECF No. 6), which was subsequently entered on March 7, 2022. (ECF No. 7).

Following a period of inactivity, the Court ordered Plaintiff to move for default judgment on or before June 21, 2022. (Order dated 06/07/2022). Plaintiff filed the instant Motion for Default Judgment on that date (ECF No. 8), and Your Honor referred the Motion to me for a Report and Recommendation. (Order dated 06/22/2022).

On October 24, 2022, this Court determined that service upon both Defendants was untimely, and ordered Plaintiff to show cause in writing why a report should not be issued recommending that the Motion for Default Judgment be denied and the action be dismissed for untimely and insufficient service of process. (ECF No. 9).[1]

On November 4, 2022, Plaintiff filed a supplemental affidavit of service indicating that Jones was served via "nail and mail" at his place of business on December 13, 2021, after prior attempts to serve him at that address. (ECF No. 10). Plaintiff also filed a response to the Court's Order to Show Cause, arguing that the supplemental affidavit of service proves that Jones was served properly and timely (ECF No. 11 ("OTSC Resp.")) ¶¶ 4, 7), indicating that the original affidavit of service as to Jones was provided due to a filing error (*id.* ¶ 7), acknowledging that Necessary Studios was untimely served due to a process server's mistake (*id.* ¶¶ 5–6, 8) and requesting a retroactive extension of time to serve Necessary Studios, deeming its supplemental attempt at service proper and timely (*id.* ¶¶ 8–1[2]).

---

[1] "[A] [c]ourt may not *sua sponte* dismiss a defendant for insufficient service of process unless the plaintiff is first given an opportunity to explain whether the defendant has been served, and if not, whether the plaintiff has good cause for its delay in effective service." *Balarezo v. Ocwen Loan Servicing, LLC*, No. 17 Civ. 3033 (VB), 2017 WL 4857598, at *3 n.3 (S.D.N.Y. Oct. 25, 2017) (citing *Dupps v. Betancourt*, 952 N.Y.S.2d 585, 587 (2012); *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002)).

3

## **LEGAL STANDARDS**

I. <u>Default Judgment</u>

Rule 55 establishes a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed R. Civ. P. 55(a). A plaintiff may then move for a default judgment against the defaulting defendant. Fed. R. Civ. P. 55(b)(2). "A default judgment is ordinarily justified where a defendant fails to respond to the complaint." *J & J Sports Prods., Inc. v. Ahuachapan Corp.*, 422 F. Supp. 3d 652, 662 (E.D.N.Y. 2019) (quoting *SEC v. Anticevic*, No. 05-CV-6991 (KMW), 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009)).

"In determining whether to enter a default judgment, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009). Accordingly, "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). And "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also G&G Closed Cir. Events, LLC v. Narine,* No. 20-CV-4271 (MKB) (RML), 2021 WL 7906548, at *2 (E.D.N.Y. Dec. 13, 2021) (citations omitted) ("Before entering a default judgment, the court must consider the adequacy of the plaintiff's service of process on the defendant"), *adopted by* 2022 WL 950449 (Mar. 30, 2022).

Indeed, "in the context of a motion for a default judgment, the Court's 'responsibility to ensure that a proper basis for relief exists . . . takes on added weight when analyzing service of process, which implicates due process considerations.'" *Romero v. Dazzling Events Inc.*, No. 19-CV-5133

4

(AMD) (LB), 2020 WL 13577336, at *8 (E.D.N.Y. Dec. 30, 2020) (quoting *Joe Hand Promotions, Inc. v. Dilone*, No. 19-CV-871 (NGG) (RML), 2020 WL 1242757, at *2 (E.D.N.Y. Mar. 16, 2020)), *adopted by* 2021 WL 242188 (Jan. 25, 2021). Accordingly, "[i]neffective service-of-process is a ground to deny a motion for default judgment." *Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-1788 (MKB) (RML), 2016 WL 6599826, at *3 n.10 (E.D.N.Y. Nov. 7, 2016).

II. Service of Process

The Federal Rules of Civil Procedure authorize service by personal delivery to the defendant, by leaving a copy of the summons and complaint with a person of suitable age or discretion who resides at an individual defendant's dwelling or usual place of abode, or by serving the defendant pursuant to the laws of the state in which the district court is located or the laws of the state in which service is made—in this case, New York. *See* Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. § 308 (governing service on an individual); *see also* Fed. R. Civ. P. 4(h)(1)(a) (permitting same methods of service on a corporation); N.Y. C.P.L.R. §§ 306–307, 311 (governing service on a corporation).

As relevant here, New York law permits service on an individual by personal delivery, N.Y. C.P.L.R. § 308(1), by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to . . . his or her last known residence or . . . his or her actual place of business," N.Y. C.P.L.R. § 308(2), or "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to . . . his or her last known residence or by mailing the summons by first class mail to . . . his or her place of business[.]'" N.Y. C.P.L.R. § 308(4). This last method of "nail and mail" service is "available only as a last resort: if in-person service 'cannot be made with due diligence.'" *Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544 (WFK) (SJB), 2019 WL

5

13160047, at *2 (E.D.N.Y. July 25, 2019) (quoting N.Y. C.P.L.R. § 308(4)), *on reconsideration in part*, 2019 WL 13160044 (Aug. 14, 2019).[2]

## DISCUSSION

I. <u>Plaintiff's First Attempt to Serve Jones via Nail and Mail Was Insufficient</u>

In serving a defendant via nail and mail, "[t]he requirement of due diligence 'must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received.'" *Gross Found., Inc. v. Goldner*, No. 12-CV-1496 (ILG), 2012 WL 6021441, at *4 (E.D.N.Y. Dec. 4, 2012) (quoting *Lemberger v. Khan,* 794 N.Y.S.2d 416, 416 (N.Y. App. Div. 2005)). "New York courts have not adopted a per se rule as to what constitutes 'due diligence' under C.P.L.R. § 308(4). Rather, what constitutes due diligence is determined on a case-by-case basis." *J & J Sports Prods., Inc. v. Morocho*, No. 18-CV-2303 (AMD) (RML), 2019 WL 1339198, at *3 (E.D.N.Y. Feb. 27, 2019) (citing *Allstate Ins. Co. v. Rozenberg*, 771 F. Supp. 2d 254, 261 (E.D.N.Y. 2011)), *adopted by* 2019 WL 1333245 (Mar. 25, 2019).

In assessing whether the due diligence requirement is satisfied, courts look to "the quality of the efforts made to effect personal service, and certainly not to their quantity or frequency." *H Roller Grp., LLC v. C & S Glob., Inc.*, No. 20-CV-5268 (NGG) (RER), 2021 WL 7908034, at *9 (E.D.N.Y. July 1, 2021) (quoting *Sartor v. Utica Taxi Ctr., Inc.*, 260 F. Supp. 2d 670, 677 (S.D.N.Y. 2003)). For instance, while courts generally "require[] approximately three attempts at service, optimally on non-consecutive days . . . [s]ome courts will find that three attempts is not

---

[2] Additionally, "it is well established that the 'nail-and-mail' provision under N.Y. C.P.L.R. § 308(4) applies 'only to defendants who are natural persons and cannot be used to serve a corporation.'" *Retrospective Goods, LLC v. T&M Invs. Int'l, LLC*, No. 20-CV-6201 (AMD) (RER), 2022 WL 2161935, at *3 (E.D.N.Y. May 20, 2022) (quoting *Lakeside Concrete Corp. v. Pine Hollow Bldg. Corp.*, 479 N.Y.S.2d 256 (N.Y. App. Div. 1984), *aff'd*, 65 N.Y.2d 865 (1985)), *adopted by* 2022 WL 2161384 (E.D.N.Y. June 15, 2022); *see also Nesterov v. Kvadro S. Corp.,* No. 18-CV-7200 (MKB) (SJB), 2021 WL 1236029, at *3 (E.D.N.Y. Mar. 11, 2021) ("'[A]ffix-and-mail' service, embodied in C.P.L.R. 308, is a means of serving individuals, not a corporation."), *adopted by* 2021 WL 1238707 (Apr. 2, 2021).

enough, if the process server does not make inquiries about the defendant's residence or employment." *Weifang Xinli Plastic Prod. v. JBM Trading Inc.*, No. 11-CV-2710 (WFK) (LB), 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014) (collecting cases), *aff'd,* 583 F. App'x 24 (2d Cir. 2014); *see also Westchase Residential Assets II, LLC v. Gupta*, No. 14-CV-1435 (ADS) (GRB), 2016 WL 3688437, at *3 (E.D.N.Y. July 7, 2016) (quoting *Est. of Waterman v. Jones*, 46 A.D.3d 63, 66 (N.Y. App. Div. 2007)) ("Courts have found that 'a mere showing of several attempts at service at either a defendant's residence or place of business may not satisfy the 'due diligence' requirement before resort to nail and mail service.'"); *Rozenberg*, 711 F. Supp. 2d at 261 (citing *O'Connell v. Post*, 27 A.D.3d 630, 631 (N.Y. App. Div. 2006)) ("[F]ailed attempts to make delivery at a person's residence will normally not qualify as due diligence unless the process server has also tried to ascertain the person's place of employment."); *Prudence v. Wright*, 94 A.D.3d 1073, 1074 (N.Y. App. Div. 2012) (citations omitted) (finding "[d]ue diligence was not exercised because two of the three attempts at service were at times when the defendant could not reasonably be expected to be at work" and because "no attempt to effectuate service was made at the defendant's actual 'dwelling place or usual place of abode,' nor did the process server make genuine inquires to ascertain the defendant's actual residence or place of employment.").

In its response to the Court's Order to Show Cause, Plaintiff argues that service was properly effectuated under New York law, as Jones was served via nail and mail at his actual place of business before January 4, 2022. (OTSC Resp. ¶¶ 2, 4 (citing N.Y. C.P.L.R. §§ 308(4)). Specifically, Plaintiff has filed an affidavit of service indicating that its process server attempted to deliver the Summons and Complaint to Defendant at his "place of business/employment" on three occasions: on December 6, 2021, at 2:24 PM, on December 8, 2021, at 11:39 AM, and on December 13, 2021, at 5:50 PM. (ECF No. 10; *see also* OTSC Resp. ¶ 4). After failing to

7

personally serve Jones or a person of suitable age and discretion on the third attempt, Plaintiff's process server affixed a copy of the Summons and Complaint to the door at 6:10 PM on December 13, 2021, and mailed copies to the same address the following day. (ECF No. 10).

Although Plaintiff's process server attempted to serve Jones at his business address three times before resorting to "nail and mail" service, only two of those attempts occurred during normal business hours. (ECF No. 10). Further, the affidavit contains no indication that the process server attempted to ascertain Jones's residential address to serve him at that location, and reflects no inquiries or attempts to otherwise ascertain Jones's whereabouts. *See Prudence*, 94 A.D.3d at 1074 (citations omitted) (finding "[d]ue diligence was not exercised because two of the three attempts at service were at times when the defendant could not reasonably be expected to be at work" and because "no attempt to effectuate service was made at the defendant's actual 'dwelling place or usual place of abode,' nor did the process server make genuine inquires to ascertain the defendant's actual residence or place of employment"); *Interboro Ins. Co. v. Tahir,* 129 A.D.3d 1687, 1688–89 (N.Y. App. Div. 2015) (finding lack of due diligence where "[t]he affidavit failed to indicate whether there was an attempt to effectuate service at [defendant's] actual 'dwelling place or usual place of abode,' and there is no indication that the process server made genuine inquiries to ascertain [defendant's] actual residence or place of employment"); *Est. of Waterman*, 46 A.D.3d at 65 ("The affidavit of service does not refer to any efforts to ascertain the defendant's residential address and to serve process at that location.").[3] Accordingly, Plaintiff did not exercise the required due diligence before resorting to nail and mail, rendering such service improper.

---

[3] Because Plaintiff failed to ascertain Jones's residential address, Plaintiff also failed to serve "all papers submitted to the Court" in support of the instant Motion for Default Judgment to Jones's "last known residence" pursuant to Local Rule 55.2(c), which as explained further below warrants denial of the Motion as to Jones. *See, e.g.*, *Guanglei Jiao v. Shang Qian Inc.*, No. 18-CV-5624 (ARR) (VMS), 2020 WL 6370148, at *8 (E.D.N.Y. Aug. 11, 2020), *adopted by* 2020 WL 5105063 (Aug. 31, 2020); *J&J Sports Prods., Inc. v. Vergara*, No. 19-CV-2382 (FB) (VMS), 2020 WL 1034393, at *5 (E.D.N.Y. Feb. 6, 2020), *adopted by* 2020 WL 1031756 (Mar. 3, 2020); *Allstate Ins. Co. v. Abramov*,

II. <u>Plaintiff's Second Attempt to Serve Jones and First Attempt to Serve Necessary Studios Was Untimely</u>

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Following its initial unsuccessful attempt at service on Jones, Plaintiff subsequently served both Jones and Necessary Studios pursuant to New York law on January 28, 2022, by providing copies of the Summons and Complaint to "Ralph," an office manager at Necessary Studios, and by delivering the same via mail to the business address on February 1. (ECF Nos. 5, 5-1; *see also* OTSC Resp. ¶¶ 5–6 (citing 311(1)); ECF No. 8-1 ("Pl's Mem. of Law") at 1–2 (noting that both Defendants were served on January 28, 2022)). This first attempt to serve Necessary Studios, and second attempt to serve Jones, occurred 114 days after filing the Complaint and 24 days after the Rule 4(m) deadline. Since these attempts at service were untimely, and therefore insufficient, Plaintiff's Motion for Default Judgment should be denied and the action should be dismissed as to both Defendants absent an extension of time to serve.

Plaintiff had not previously sought or received an extension of time to serve Defendants, and acknowledges that its second service attempt was late, but now requests that the Court retroactively extend the time for service, either for good cause or in the Court's discretion. (OTSC Resp. ¶¶ 8–1[2]).

---

No. 16 Civ. 1465 (AMD) (SJB), 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019), *adopted by* 2019 WL 1172381 (Mar. 13, 2019).

9

A.  <u>Plaintiff Has Not Demonstrated Good Cause for an Extension of Time to Serve</u>

"Plaintiffs bear the burden of showing that there was good cause in failing to timely serve a defendant." *Carroll v. Certified Moving & Storage, Co.*, No. 04-CV-4446 (ARR), 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005). "In determining whether 'good cause' exists, 'courts weigh the reasonableness and diligence of the plaintiff's efforts to serve against the prejudice to the unserved defendants from the delay.'" *S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, No. 15-CV-6183 (JMA) (SIL), 2017 WL 913625, at *9 (E.D.N.Y. Jan. 17, 2017) (quoting *Gibbs v. Imagimed*, LLC, No. 11 Civ. 2949, 2013 WL 2372265, at *2 (S.D.N.Y. May 30, 2013)), *adopted by* 2017 WL 912042 (Mar. 7, 2017). "Good cause, or 'excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Id.* (quoting *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006)). "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause for the purposes of Rule 4(m)." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999); *see also Counter Terrorist Grp. U.S. v. N.Y. Magazine*, 374 Fed. App'x 233, 235 (2d Cir. 2010) ("Attorney error does not constitute good cause under Rule 4(m)."); *Retrospective Goods*, 2022 WL 2161935, at *4 (quoting *Cakir v. Chase Manhattan Bank*, No. 07-CV-2871 (JS) (WDW), 2008 WL 11450641, at *4 (E.D.N.Y. Mar. 19, 2008)) ("[I]gnorance of the law . . . . does not constitute good cause under Rule 4(m)."); *Beauvoir*, 234 F.R.D. at 56–57 (quoting *McKibben v. Credit Lyonnais*, No. 98 Civ. 3358 (LAP), 1999 WL 604883, at *4 (S.D.N.Y. Aug.10, 1999)) (counsel's "misplaced reliance" on process server is insufficient to demonstrate good cause, as it is "'trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served.'").

10

Plaintiff indicates that the need for supplemental attempts at service arose because its "process server believed that [nail and mail] service was sufficient upon Defendant Necessary Studios, Inc[.], as well, but as soon as Plaintiff's counsel received the [deficient] affidavit of service, Plaintiff directed the process server to continue service efforts." (OTSC Resp. ¶ 5). Accordingly, Plaintiff argues that upon learning of the error it "was diligent in attempting to serve" Necessary Studios, and further argues that Necessary Studios "more than likely received notice of this lawsuit when service was perfected upon Defendant Jones," and that neither Defendant would be prejudiced by an extension. (*Id.* ¶ 10).

Beyond its unsworn response to the Court's Order to Show Cause, Plaintiff submits no evidence of its interactions with its process server to demonstrate that the delay was the product of a good faith mistake, or that Plaintiff diligently and immediately instructed the process server to continue attempting service upon discovering the error. The only evidence of any communication between Plaintiff and its process server comes from the invoices submitted with the instant Motion (ECF No. 8-12 ("Invoice")), which indicate that counsel received invoices dated 12/15/2021 (immediately after the first attempt at service) and 2/10/2022 (approximately eight days after the second attempt) indicating service was attempted twice, but provide no evidence regarding the timing or content of any curative instruction. Accordingly, the Court is left to infer from the fact that the second attempt occurred more than a month after the first attempt (*see* ECF Nos. 5, 10), that an instruction to continue attempts at service was not timely given, or that the process server was less than diligent in carrying out that instruction.[4] Finally, even accepting this set of

---

[4] Plaintiff's lack of diligence in serving Necessary Studios is further demonstrated by its process server's failure to check the proper boxes on the form affidavit of service. For example, the server checked the "responsible person" box rather than the "Corporation LLC / LLP" box, and therefore failed to address whether "Ralph" was authorized to accept service on the corporation's behalf. (ECF No. 5-1). The process server also checked a box to aver that that Necessary Studios—a corporation—is not in active military service. (*Id.*). Plaintiff's lack of diligence is also evidenced by its failure to attempt service via the New York Secretary of State, *see Mazzone v. Daily Press LLC*, No. 16-CV-3271 (DLI) (RER), 2017 WL 4351518, at *2 (E.D.N.Y. Sept. 30, 2017) ("The Court especially doubts

11

circumstances as true, a process server's mistake is not an exceptional circumstance sufficient to constitute "good cause" under Rule 4(m). *See Retrospective Goods*, 2022 WL 2161935, at *4 ("[T]hat Plaintiff's counsel has mistakenly failed to satisfy these procedural requirements does not constitute good cause warranting a court order authorizing an extension of time to serve Defendant[.]"); *Yaxin Jing v. Angel Tips, Inc.*, No. 11-CV-05073 (RRM) (JMA), 2013 WL 950585, at *3 (E.D.N.Y. Mar. 11, 2013) (citing *Obot v. Citibank South Dakota, N.A.*, 2006 U.S. Dist. LEXIS 75260 at *6, 2006 WL 6905256 (W.D.N.Y. Oct. 17, 2006), *aff'd* 347 Fed. App'x 658 (2d Cir. 2009)) ("A mistaken belief that service was proper is not good cause under Rule 4(m)."); *Beauvoir*, 234 F.R.D. at 56–57 (misplaced reliance on process server does not constitute good cause).

Further, contrary to Plaintiff's assertions, "extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants." *Ferreira v. Carranza*, No. 20-CV-2305 (PKC) (LB), 2022 WL 34610, at *3 (E.D.N.Y. Jan. 4, 2022) (quoting *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013)). Indeed, a retroactive extension here would subject the Defendants to a default judgment for an otherwise time-barred cause of action. And despite Plaintiff's argument that Defendants' actual notice of the suit precludes a finding of prejudice, it is well established that "actual notice does not remedy insufficient service." *MJC Supply, LLC v. Powis*, No. 18-CV-1539 (PKC) (RER), 2019 WL

---

Plaintiff's diligence in attempting to serve [defendant] because, even if Plaintiff could not locate an address for [defendant], Plaintiff could have served the New York Secretary of State, but failed to do so."), and by its failure to attempt service at its publicly listed service of process address through its registered agent, *see* New York State Dep't of State, Div. of Corporations, *Entity Information for Necessary Studios, Inc.*, https://apps.dos.ny.gov/publicInquiry/EntityDisplay (listing Service of Process Name and Address as "c/o United States Corporation Agents, Inc. 7014 13th Avenue, Suite 202 Brooklyn, NY 11228); *see also J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171 (AMD) (SJB), 2018 WL 4378166, at *1 (E.D.N.Y. Apr. 9, 2018) ("The Court can and does take judicial notice of information from the New York Secretary of State's website.").

2271789, at *3 (E.D.N.Y. Feb. 20, 2019) (citing *Krisilas v. Mount Sinai Hosp.*, 882 N.Y.S.2d 186, 188 (2009)), *adopted as modified* 2019 WL 1429625 (Mar. 29, 2019).

Accordingly, Plaintiff has not demonstrated good cause for an extension of time to serve either Defendant.

B. <u>A Discretionary Extension Is Not Warranted</u>

"[A] district court may grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). In determining whether to grant a discretionary extension, courts consider "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Ferreira*, 2022 WL 34610, at *2; *see also Zapata*, 502 F.3d at 197 ("Where, as here, good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal with prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties."). The factors that courts consider in determining whether to extend the service deadline despite the absence of good cause do not weigh strongly in either direction, as the first and second factors weigh in Plaintiff's favor, while the third and fourth weigh in favor of denying a discretionary extension.

As for the first factor: as Plaintiff notes, the statute of limitations would bar Plaintiff's refiled action and denial of Plaintiff's request for an extension would preclude relief for the alleged

13

misconduct. (OTSC Resp. ¶1[2]).[5] However, that factor is not dispositive. *See Ferreira*, 2022 WL 34610, at *3 (dismissing case under Rule 4(m) even though it would bar Plaintiff from bringing another suit); *Jones v. Westchester Cnty.*, No. 14-CV-9803 (KMK), 2018 WL 6726554, at *7 (S.D.N.Y. Dec. 21, 2018) ("[E]ven where the statute of limitations has run, 'courts have declined to extend the time to serve' where— as here—'a plaintiff has failed to demonstrate diligence, establish good cause, and/or provide any excuse.'"); *E. Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999) ("The fact that plaintiff's claims may be time-barred does not require us to exercise our discretion in favor of plaintiff."). Further, Plaintiff's failure to commence the action until the statutory expiration date tempers the heavy weight that this factor ordinarily enjoys. *See Angel Tips, Inc.*, 2013 WL 950585, at *4 ("Ordinarily, this [factor] weighs heavily in plaintiffs' favor. However here, this factor is tempered by the fact that plaintiffs filed this action after the statute of limitations had run on some if not all of plaintiffs' claims.").

The second factor also weighs in Plaintiff's favor. Although Plaintiff has not introduced any additional evidence to indicate that Defendants are in fact aware of this lawsuit, Plaintiff notes that its first attempt at service "more than likely" provided such actual notice (OTSC Resp. ¶ 10), and that the second attempt at service provided actual, if belated, notice to the Defendants.

The third and fourth factors weigh against Plaintiff. With respect to the third factor, there is no evidence before the Court that Defendants have attempted to conceal the defects in service. *See, e.g.*, *Retrospective Goods,* 2022 WL 2161935, *5 ("[I]t is clear that Defendants did not attempt to

---

[5] "Courts in this circuit have adopted [a] three-year statute of limitations . . . for cases involving piracy of cable broadcasts." *J & J Sports Prods., Inc. v. Nest Rest. & Bar, Inc.*, No. 17-CV-04107 (NGG) (RER), 2018 WL 4658800, at *1 n.1 (E.D.N.Y. Aug. 7, 2018) (citing *Nat'l Satellite Sports, Inc. v. Time Warner Entm't Co., L.P.*, 255 F. Supp. 2d 307, 314 (S.D.N.Y. 2003)), *adopted by* 2018 WL 4179452 (E.D.N.Y. Aug. 31, 2018); *see also J & J Sports Prods., Inc. v. Taqueria Juarez Rest., Inc.,* No. 17-CV-4158 (NG) (LB), 2018 WL 2056181, at *2 (E.D.N.Y. Mar. 16, 2018) (applying a three-year statute of limitations to plaintiff's § 605 claims), *adopted by* 2018 WL 2048370 (E.D.N.Y. May 2, 2018).

conceal defects in service here, where they have not participated in the case or appeared before the Court."); *S. Bay Sailing Ctr., Inc.*, 2017 WL 913625, at *11 ("[T]here is no evidence that Defendant himself attempted to conceal a defect in service, and thus this factor disfavors South Bay"). With respect to the fourth factor, as noted above, the Defendants would be significantly prejudiced by a retroactive extension, which would result in liability and damages by default in an otherwise time-barred action. *See Ferreira*, 2022 WL 34610, at *3 (quoting *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013)) ("With respect to prejudice, 'extending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants.'").

On balance, the discretionary factors do not weigh heavily in either direction. And "if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if that means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits." *Wilson v. Cuomo*, No. 21-CV-4815 (GRB) (AYS), 2022 WL 4644695, at *6 (E.D.N.Y. Aug. 28, 2022), *adopted by* 2022 WL 4662825 (Sept. 30, 2022). Strict enforcement of the rules is particularly appropriate here, as Joe Hand is a sophisticated litigant that frequently appears in this District, frequently seeks default judgment, and has been warned in the past of the consequences of failure to follow the rules discussed in this Report and Recommendation.[6]

---

[6] *See, e.g.*, *Joe Hand Promotions, Inc. v. Kouvaros et al.*, No. 20-CV-3979 (EK) (SJB) (action filed in 2020 in which Plaintiff's motion for default judgment was denied for failure to follow procedural rules, Plaintiff's second motion for default judgment was denied as moot after a report and recommendation identified substantive deficiencies, and Plaintiff was ordered to show cause as to why an amended complaint was not timely served); *Joe Hand Promotions, Inc. v. Coney Island Cigars, Inc. et al.*, No. 21-CV-5547 (AMD) (MMH) (Plaintiff's complaint voluntarily dismissed after receiving Order to Show Cause regarding untimely service of process).

By this Court's count, Joe Hand has filed 248 cases in the Eastern District, seven of which are currently pending. In one pending case, Judge Donnelly denied Plaintiff's motion for default judgment on similar procedural grounds. *See* Order, *Joe Hand Promotions, Inc. v. Triangle Eatery & Bar, LLC et al.*, No. 22-CV-01114 (AMD) (TAM) (E.D.N.Y. Sept. 29, 2022); *see also J & J Sports Prods., Inc. v. Ferreiras,* No. 15-CV-6546 (ENV) (SJB), 2018 WL 6168557, at

15

Because Plaintiff's initial attempt to serve Jones on December 13, 2021 was insufficient, Plaintiff's subsequent attempts to serve Jones and Necessary Studios were untimely, and the circumstances do not warrant an extension of the time to serve, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied, and that this action be dismissed for insufficient and untimely service of process. *See Happy Homes*, 2016 WL 6599826, at *3 n.10 (E.D.N.Y. Nov. 7, 2016) ("Ineffective service-of-process is a ground to deny a motion for default judgment."); *see also Nam v. Ichiba Inc.,* No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021) (noting court had previously denied motion for default judgment without prejudice "because service of process was defective"); *Narine*, 2021 WL 7906548, at *3 (recommending plaintiff's motion for default judgment be denied without prejudice where proof of service is insufficient); *Arnoldo Lopez Vasquez v. Lahori Kebab & Grill Corp.*, No. 18-CV-2117 (JS) (SIL), 2019 WL 4396724, at *3 (E.D.N.Y. Aug. 13, 2019) (recommending dismissal of claims against individual defendant for failure to effectuate service of process), *adopted by* 2019 WL 4620922 (E.D.N.Y. Sept. 5, 2019); *Mroszczak v. Tate & Kirlin Assocs., Inc.*, 397 F. Supp. 3d 296, 299 (W.D.N.Y. 2019) (denying motion for default judgment for untimely service of process and ordering plaintiff to show cause why the claims should not be dismissed for failure to comply with Rule 4(m)).

III. Additional Grounds to Deny the Motion as to Jones

In addition to the service issues described above, Plaintiff's failure to comply with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1), and with Local Rule 55.2(c) provide additional grounds to deny the instant motion as to Jones, individually.

---

*1, *1n.3 (E.D.N.Y. Nov. 20, 2018) (describing frequent actions brought by another sports broadcasting licensor, that litigant's frequent motions for default judgment, frequent denial of those motions on procedural and substantive grounds, and noting that Joe Hand is a similarly situated plaintiff).

The Servicemembers Civil Relief Act "requires a plaintiff seeking default judgment to 'file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit.'" *Vergara*, 2020 WL 1034393 at *6 (quoting 50 U.S.C. § 3931(b)(1); *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015); *Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1–2 (E.D.N.Y. Sept. 26, 2018)). "The affidavit must provide the specific facts necessary to support the conclusion stated, and may not be based on conclusory statements or on 'information and belief.'" *Uribe*, 2018 WL 4861377, at *1 (quoting 50 U.S.C. § 3931(b)(1)). Further, "[t]he non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." *Vergara*, 2020 WL 1034393, at *6 (quoting *Pruco Life Ins. Co. of N.J. v. Estate of Locker*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)).

Beyond the process server's affidavits of service of the Summons and Complaint (ECF Nos. 5, 10), Plaintiff's only reference to Jones's military status can be found in the attorney affidavit submitted in support of the Motion, which indicates that "[t]o the undersigned's knowledge, Defendants are not infants, incompetent persons, or persons in military service or otherwise exempted from default judgment under the Service Members Civil Relief Act of 2003." (ECF No. 8-6 ("Jekielek Decl.") ¶ 10). This single reference is insufficient to comply with the Act, as counsel provides no indication for the basis of that knowledge, and fails to show that the requisite investigation into Jones's military service was performed. Since "[t]he court lacks the power to excuse compliance with the statute," *Uribe*, 2018 WL 4861377, at *1, Plaintiff's non-compliance provides additional grounds to deny the instant Motion for Default Judgment as to Jones.

Further, Local Rule 55.2(c) requires that a Plaintiff serve "all papers submitted to the Court" in support of a motion for default judgment to an individual defendant's "last known residence." Loc. Civ. R. 55.2(c). Courts in this District "strictly construe[]" these requirements, and have found that a movant's "failure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment." *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019) (alteration omitted) (quoting *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI) (SJB), 2019 WL 1450746, at *7 (E.D.N.Y. Jan. 28, 2019), *adopted by* 2021 WL 4129151 (Aug. 10, 2021)) (denying default judgment, in part, because plaintiff served motion for default judgment at individual defendants' business address, instead of residential addresses). Proper "[s]ervice of the motion on non-appearing defendants is of particular importance, because 'mailing notice of such an application is conducive to both fairness and efficiency." *Miss Jones, LLC*, 2019 WL 926670, at *4 (quoting Committee Note, Loc. Civ. R. 55.2; citing *Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co.*, No. 08-CV-5070 (DLI), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011)), *adopted by* 2019 WL 955279 (Feb. 26, 2019).

As explained above, Plaintiff failed to inquire as to Jones's residential address in connection with serving him the Summons and Complaint. Further, Plaintiff has not established that the instant Motion and all supporting materials were mailed to Jones's last known residence; rather, the Motion contains a certificate of service indicating that "the foregoing document" was mailed to his business address. Accordingly, Local Rule 55.2(c) also provides additional grounds to deny the Motion for Default Judgment as to Jones. *See, e.g., Guanglei Jiao*, 2020 WL 6370148, at *8 ("Generally, failure to show that an individual defendant was mailed the default judgment motion papers at his or her last known residence warrants denying the motion against the individual.");

18

*Allstate*, 2019 WL 1177854, at *3 ("By using the business address [of an individual] to serve the motion, [the plaintiff] failed to comply with this requirement.").

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiffs' Motion for Default Judgment be denied, and that that the action be dismissed for insufficient and untimely service of process.

Plaintiffs' counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable LaShann DeArcy Hall within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

/s/ Ramon E. Reyes, Jr.

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: December 5, 2022
Brooklyn, NY